O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01235-SGL(Ex)                                     Date:  October 27, 2008

Title:     VAN TROOPE, ET AL. -v- DEUTSCHE BANK TRUST COMPANY AMERICAS, ET AL.
==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

     Jim Holmes                                        None Present
     Courtroom Deputy Clerk                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                              None present

PROCEEDINGS:     ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

     Plaintiff filed a complaint on September 9, 2008, alleging various state law claims against defendant Deutsche Bank Trust Company Americas.  Nowhere in the complaint, however, has plaintiff identified the basis upon which this Court has jurisdiction to hear her claims.  The Federal Rule of Civil Procedure requires that any complaint filed in federal court "must contain a short and plain statement of the ground for the court's jurisdiction."  <u>See</u> Fed. R. Civ. Pro. 8(a)(1).

     Moreover, this Court's local rules similarly require that in providing the grounds for jurisdiction the complaint must the "statutory basis" for the same.  Again in the present complaint there is no allegation in the complaint on what basis this Court has jurisdiction to hear the case, be it diversity jurisdiction (28 U.S.C. § 1332) or federal question (28 U.S.C. § 1331).  Although it appears that plaintiff is seeking to invoke the Court's diversity jurisdiction over this matter — given that the only claims raised are state law in origin and the complaint does allege that more than $100,000 in damages is sought — what is noticeably absent from the complaint is any allegation as to the citizenship of defendant.  All that is mentioned is that defendant does business in California and "its status [is] unclear and unknown to the Plaintiff."  (Compl. ¶ 4).  Such an allegation will not suffice.  "A claim alleging diversity of citizenship jurisdiction must contain averments of the parties' citizenship and the amount in controversy."  2 James Wm. Moore, Moore's Federal Practice § 8.03[5][a] at 8-15 (3rd ed. 2008).  The Ninth Circuit has held that allegations falling short of that addressing each party's citizenship are deemed insufficient.  <u>Fifty

ED CV 08-01235-SGL(Ex)
VAN TROOPE, ET AL. v DEUTSCHE BANK TRUST COMPANY AMERICAS, ET AL.
MINUTE ORDER of October 27, 2008

<u>Assocs. v. Prudential Ins. Co.</u>, 446 F.2d 1187, 1190 (9th Cir. 1970).

      Given that plaintiff's complaint does not aver upon what basis jurisdiction is being asserted and because if such jurisdiction is based on the Court's diversity jurisdiction no allegation of defendant's citizenship has been alleged, the Court hereby **DISMISSES** the complaint but with **LEAVE TO AMEND**.  Plaintiff shall file an amended complaint within fourteen (14) days from the date of this Order that contains allegations setting forth the basis upon which this Court has jurisdiction to hear the claims set forth in the complaint, and if based on diversity jurisdiction, allegations setting forth the respective citizenship of both parties and the amount in controversy. Failure to submit an amended complaint within the time allotted will result in the dismissal of the case for failure to prosecute.

      IT IS SO ORDERED.